Mary BECK; Aprill Linear; Ellen Schaff; Fern Neatherlin; Wendy Kelly; Karla Coleman; Teri Neuharth; Elizabeth Anderson; Esther Gramza Thiry; Shelley Sinclair; Sheila Sage, Plaintiffs—Appellees,

v.

The BOEING COMPANY, a Delaware corporation, Defendant—Appellant.

No. 02–35140.

D.C. No. CV–00–00301–MJP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Feb. 25, 2003.

Before REAVLEY,* KOZINSKI and W. FLETCHER, Circuit Judges.

### MEMORANDUM**

1. The district court did not err in certifying the class of women employed at Boeing's Puget Sound facilities for purposes of determining whether the employer engaged in a pattern or practice of discrimination against its female employees because of sex (Phase I). *See, e.g., Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). In a systemic disparate treatment case seeking class-wide injunctive or declaratory relief, plaintiffs are "not required to offer evidence that each person [who] seek[s] relief was a victim of the employer's discriminatory policy" to establish their prima facie case. *Id.* at 360. Rather, their burden is to prove only that "discrimination was the company's standard operating procedure." *Id.* at 336. This may be done through statistics alone. *See id.* at 339–40.

Because the employer's defense must be "designed to meet the prima facie case" established by plaintiffs' statistical proof, the focus of its rebuttal case likewise "will not be on individual [employment] decisions." *Id.* at 360 n. 46. Instead, to meet

its rebuttal burden, the employer must demonstrate that the plaintiffs' statistical evidence "is either inaccurate or insignificant." *Id.* at 360.

■ Hence, Boeing cannot defeat class certification at the liability phase by arguing that it is entitled to introduce individualized evidence that each of its employment decisions was motivated by a legitimate nondiscriminatory reason. *See, e.g., Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir.1986) (recognizing the applicability of Fed.R.Civ.P. 23(b)(2) to Title VII actions). At various points in its appellate brief, Boeing seems to concede as much. *See, e.g.*, Appellants' Opening Br. at 23. If there is a finding that Boeing engaged in class-wide discrimination, the district court may award at least declaratory and injunctive relief.

■ 2. The district court abused its discretion when it certified the class for purposes of determining plaintiffs' punitive damages claims (Phase II). Although there is no rule against "hybrid certification" under both Rule 23(b)(2) and 23(b)(3), *see Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1196 (9th Cir. 2000), certification here was premature, *see Teamsters*, 431 U.S. at 361 ("[T]he question of individual relief does not arise *until* it has been *proved* that the employer has followed an employment policy of unlawful discrimination." (emphasis added)). The district court's order certifying the Phase II class indicates that liability in Phase I would depend on plaintiffs' ability to prove a pattern or practice of discrimination, and that "the punitive damages assessed against defendants (if

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

any) will flow from that finding." However-
er, a finding that the employer engaged
in a pattern or practice of discrimination
does not automatically entitle every class
member to damages. *See* 42 U.S.C.
§ 1981a(b)(1) (allowing the award of puni-
tive damages when the employer acted
with reckless indifference to the federal
rights of "an aggrieved individual"). To
receive punitive damages in a Title VII
case, a plaintiff must have suffered some
harm as a result of a defendant's illegal
behavior. Hence, membership in the
Phase II class must be restricted to those
who allege that they were harmed by the
employer's proven pattern or practice of
discrimination. The district court's order
contravenes these principles. Because
the district court did not certify a class
for backpay, the action will terminate
upon an award of punitive damages,
which, according to the order, automati-
cally "flow from" a finding of a pattern or
practice of discrimination. If the district
court's certification of the Phase II class
were upheld, the beneficiaries of the puni-
tive damages award would necessarily in-
clude those class members not affected
by the alleged discriminatory policy as
well as those who were. This may not be
done. We therefore vacate the district
court's certification order with respect to
punitive damages (Phase II).

**3.** Because we hold that questions
about systemic disparate treatment should
be decided first and vacate those aspects
of the district court's order that relate to
class-wide punitive damages, Rule
23(b)(2)'s "predominance" requirement is
not violated. *See Molski v. Gleich,* 307
F.3d 1155, 1165–70 (9th Cir.2002).

We reject Boeing's argument that a bi-
furcated trial plan violates the Seventh
Amendment's Reexamination Clause. *See
Arthur Young & Co. v. U.S. Dist. Court,*
549 F.2d 686, 692–93 (9th Cir.1977); *see*

*also Hilao v. Estate of Marcos,* 103 F.3d
767, 782 (9th Cir.1996).

We affirm the district court's certifica-
tion order in all other respects.

**AFFIRMED in part, VACATED in
part. No costs.**